NG CHAN YOUNG *v.* LEE LUNG KEE, ET AL., DEFENDANTS; CHINESE-AMERICAN BANK, LIMITED, GARNISHEE.

No. 2038.

ARGUED OCTOBER 16, 1931.          DECIDED NOVEMBER 7, 1931.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is an action of assumpsit for $814 for 814 bags of taro claimed to have been sold and delivered by the plaintiff to seventeen named persons described in the declaration as being "copartners doing business under the firm name and style of Sun Hop Wo Lung Company." The case was tried without a jury. The circuit judge found that "the plaintiff did deliver to the Sun Hop Wo Lung Company, a copartnership, eight hundred fourteen bags of taro, and that the reasonable price of said taro was the sum of $814.00," and entered judgment for the plaintiff against all of the defendants, excepting only Wong Dow, for the amount claimed. Seven of the defendants excepted to the decision and the judgment. The case comes to this court upon that exception as well as upon another exception which need not be considered.

The testimony adduced on both sides was very brief.

The plaintiff's testimony that the 814 bags of taro were sold and delivered and that their reasonable value was $814 is undisputed. The taro was delivered at various dates beginning with April 29, 1930, and ending with May 31, 1930. The defendants likewise showed by evidence, both oral and documentary, which stands undisputed, that on October 14, 1929, the members of the Sun Hop Wo Lung Company sold and delivered to Qwong Fong Wai, for the consideration of $10,625, "all of their right, title and interest in and to the partnership business heretofore carried on under the partnership name of Sun Hop Wo Lung at No. 277 Waterhouse Street aforesaid, together with their poi factory, machinery, motors, equipment, bags, sacks, containers, scales, firewood, delivery equipment, book accounts" (excepting certain named accounts, "which shall remain the property of the grantors and shall be collected by them,") and "the firm name and good will of said business;" and that by the same instrument of transfer the grantors covenanted "with the grantee, its successors and assigns, that for a period of one (1) year from the date hereof, that they will not individually, jointly or severally, enter into or carry on the business of manufacturing and selling poi in the city of Honolulu, and so compete with the said grantee."

By further undisputed evidence it appears that a statement was filed in the office of the treasurer, under date of January 30, 1928, showing that the partnership of Sun Hop Wo Lung Company was formed on January 30, 1928; that "the nature of the business of said copartnership is to maintain and carry on a poi manufacturing and taro products," and that "the place of business of said copartnership is at 2007 Waterhouse Street, in the district of Honolulu." The names of eleven persons as members of the copartnership are set forth in the same statement.

A clerk in the office of the territorial treasurer testified that no other statement or document was ever filed in his office by the Sun Hop Wo Lung Company and that the partnership was dissolved by the treasurer on October 13, 1930, because of its failure "to file annual statements as required by law."

It may be that under our statutes all of those who are named as partners in the statement filed with the territorial treasurer on January 30, 1928, can be held liable for a contract entered into by their partnership in April and May, 1930, since no statement was filed before the latter date in the office of the treasurer showing the withdrawal of any of them from the partnership. But the question presented to us on the present state of the record is not what members of the firm are liable under a contract shown to have been entered into by the Sun Hop Wo Lung Company. The only question, under the exception to the decision and the judgment, is whether any evidence was adduced tending to show that the sale and delivery was to the Sun Hop Wo Lung Company and was not to some other partnership or individual.

The court takes judicial notice of the fact that the purchase of wholesale quantities of taro, such as 814 bags in thirty-two days, is made not for private consumption in the home but for manufacture into poi and for resale in that form. The undisputed, documentary evidence, as above stated, is that the Sun Hop Wo Lung Company, before April and May, 1930, had sold its poi manufacturing and selling business and all of its machinery and equipment used in the manufacture and delivery of poi and had covenanted that for the period of one year, expiring on October 14, 1930, it would not manufacture or sell poi or compete with its successor in the business. The only evidence claimed to show a sale and delivery to the Sun Hop Wo Lung Company was

the following, from the plaintiff: "Q Do you know the Sun Hop Wo Lung Company? A I do." To our minds that is a meaningless statement. "What is that firm, a partnership? Yes." The answer is a conclusion of law. "Did you sell them any taro? I have." "There were 814 bags delivered to this Sun Hop Wo Lung Company? Yes." In these and other similar forms the witness stated that he sold and delivered taro to the Sun Hop Wo Lung Company. These, however, were mere conclusions of law upon the ultimate question at issue. No facts were testified to, as to what was said and done by the plaintiff and by the persons with whom he dealt, from which a finding could be made as to whether the sale was to the individual or individuals with whom the dealings were had, or was to the partnership of Sun Hop Wo Lung Company, or was to some other principal represented by them as agents. A careful search of the transcript (only fifteen pages in length) of all of the testimony adduced fails to reveal any evidence sufficient to support a finding as to the identity of the purchasing firm or individual. Under these circumstances the judgment cannot be sustained.

The decision and the judgment are set aside and a new trial is granted.

*J. H. Peters* (*F. Patterson* on the brief) for plaintiff.

*C. B. Dwight* (also on the briefs) for Hong Lum and certain other defendants.